Dewey, J.
The exceptions taken to the instructions of the presiding judge cannot be sustained. If it were true that the party, from whom the defendants obtained goods by false pretences, also made false pretences as to his goods, which he exchanged with the defendants, that would be no justification for the defendants, when put on trial upon an indictment, charging them with obtaining goods by false pretences, knowingly and designedly in violation of a statute of this commonwealth. Whether the alleged misrepresentation of Lynch, being a mere representation as to the value or worth of a certain watch, and an opinion rather than a statement of a fact, would be such false pretence as would render him amenable *574 to punishment under this statute, might be questionable, but supposing that to be otherwise, and it should appear that Lynch had also violated the statute, that would not justify the defendants. If the other party has also subjected himself to a prosecution for a like offence, he also may be punished. This would be much better than that both should escape punishment, because each deserved it equally.
The further instruction to the jury, that it was not necessary for the government to show, that the party was defrauded to the whole extent charged in the indictment; and therefore, that if the value of property obtained was over-estimated by Lynch, and was also over-stated in the indictment, yet, if shown to be of substantial value, the defendant might properly be convicted, notwithstanding such discrepancy, was right. The exceptions to the instructions of the presiding judge are therefore to be overruled.
The further question arises upon a motion in arrest of judgment for the insufficiency of the indictment. The false pretences set forth in the indictment are, that the defendant falsely pretended that a certain watch, which he offered to exchange with James Lynch, was a gold watch and of eighteen carats fine, and was of great value, to wit, of the value of eighty dollars; and the indictment then alleges that it was not a gold watch, and was not eighteen carats fine, and was of trifling value. The objection urged is, that the alleged pretences are not all of them fully and directly negatived; particularly that the allegation, that the defendant represented the watch to be of the value of eighty dollars, is not properly alleged to have been false, by the averment that it was of trifling value, without naming any sum as its value smaller than eighty dollars, or directly negativing that pretence.
The answer to this is, that a single false pretence properly alleged in the indictment, and proved as laid, is sufficient to warrant a conviction. If more than one is set out, it is not necessary to prove the whole, but proof of one, and showing that the goods were obtained by means thereof, is sufficient. Hill’s case, Russ. & Ry. 190; Rose. Crim. Ev. 75, 367.
Here is a false pretence set forth, which was a pretence of *575 a fact, and that a material one to influence the party, namely, that the watch was of gold, eighteen carats fine, and this pretence is directly negatived in the indictment. The false pretence being correctly set forth and accompanied with all the proper allegations, and the verdict being a general one, finding the defendant guilty upon the whole indictment, the motion in arrest cannot prevail, if it be found that there is a want of an allegation amounting to a direct negative, as to the value of the watch as represented. The more important representation, one more properly the subject of an indictment, if knowingly and designedly falsely stated, and one upon which a man" of ordinary prudence might act, is directly negatived. That being so, the motion in arrest cannot prevail. Judgment on the verdict